SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV-13**--x

**5514**

TAMEKA FOSTER,

Plaintiff,

**COMPLAINT**

-against-

**GARAUFIS, J.**

Docket No.

Jury Trial Demanded

CITY OF NEW YORK, EDGAR ROSARIO, Individually, **REYES, M.J**
STAVROULA CHORIATIS, Individually, JOHN ASPINWALL,
Individually, JAMES JONES, Individually, and JOHN
and JANE DOE 1 through 10, Individually (the names John and
Jane Doe being fictitious, as the true names are presently unknown),

Defendants.

------------------------------------------------------------------------X

Plaintiff TAMEKA FOSTER, by her attorneys, Leventhal & Klein, LLP, complaining of

the defendants, respectfully alleges as follows:

## Preliminary Statement

1.     Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of her civil rights, as

said rights are secured by said statutes and the Constitution of the United States.

## JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

First, Fourth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.    Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.    Plaintiff TAMEKA FOSTER is a thirty-six year old African American woman residing in East Stroudsburg, Pennsylvania.

7.    Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.    Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.    Defendant CITY OF NEW YORK maintains the New York City Human Resources Administration Police Department (hereinafter referred to as "NYC HRA PD"), a duly authorized law enforcement agency, authorized to provide police and security services to facilities operated by the New York City Human Resources Administration and to enforce state and city laws at facilities operated by the New York City Human Resources Administration.

10.    That at all times hereinafter mentioned, the individually named defendant, EDGAR ROSARIO, was a duly sworn peace officer of the NYC HRA PD, and was acting under the supervision of said departments and according to their official duties.

11.    That at all times hereinafter mentioned, the individually named defendants, STAVROULA CHORIATIS, JOHN ASPINWALL, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of the NYPD, and/or peace officers of the NYC HRA PD, and

2

were acting under the supervision of said departments and according to their official duties.

      12.     That at all times hereinafter mentioned, defendant, JAMES JONES, was, upon information and belief, a security guard employed by the defendant City of New York to provide security at the City's HRA office located at 32-20 Northern Boulevard, Queens, New York. Defendant Jones was acting under the supervision of the NYC HRA PD and was acting in concert with defendant EDGAR ROSARIO.

      13.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

      14.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

      15.     On October 6, 2010, at approximately 2:30 p.m., plaintiff was lawfully present in the NYC HRA office located at 32-20 Northern Boulevard, Queens, New York, when defendant JONES approached plaintiff and informed her that she couldn't stand where she was standing.

      16.     When plaintiff attempted to leave the location, defendant ROSARIO physically escorted plaintiff out of the location, bumping plaintiff with his chest.

      17.     While plaintiff was walking out of the location, defendant JONES stated to plaintiff, in sum and substance, "nasty bitch."

      18.     When plaintiff replied, in sum and substance, "you're mad because you're a fake ass rent-a-cop," defendant JONES grabbed plaintiff around her neck and choked her.

3

19.     Defendant ROSARIO then grabbed plaintiff by the hair, struck her in her back, and slammed her to the ground.

20.     While plaintiff was on the ground, the defendants struck her in her back, handcuffed her, and struck her in the buttocks.

21.     Defendant ROSARIO lifted plaintiff to her feet by her hair and escorted her to a room at the location and imprisoned her therein.

22.     Defendant ROSARIO frisked plaintiff, inappropriately touching plaintiff's breasts and buttocks.

23.     Shortly thereafter, the defendant NYPD officers arrived at the location and took custody of plaintiff.  While defendant CHORIATIS and ASPINWALL were at the location, multiple eyewitnesses approached the NYPD officers and stated in sum and substance: we called the cops for her, we called the ambulance for her, that's not right, she shouldn't be getting arrested.

24.     Multiple witnesses approached the defendant NYPD officers at the location and stated, in sum and substance, can I give a statement.

25.     The defendant NYPD officers refused to listen to, interview, or take any statements from any of the eyewitnesses who had approached them with the above described information.

26.     The defendant NYPD officers transported claimant to the 114th police precinct and imprisoned her therein.

27.     While in the precinct, a female NYPD officer stated, in sum and substance, we get a lot of complaints about the HRA officers in that center but no one ever does anything about it.

28.     The defendants imprisoned plaintiff until her arraignment on false charges filed in

4

Queens Criminal Court under docket no. 2010QN058704; said charges having been filed based on the false allegations of the defendants. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned acts of brutality and abuse of authority, and pursuant to a widespread practice of falsification.

29.    On December 13, 2011, all the charges filed against plaintiff were adjourned in contemplation of dismissal and subsequently dismissed and sealed.

30.    The defendants created and manufactured false evidence against plaintiff and used same against her in said legal proceedings. Specifically, defendants ROSARIO and JONES swore to false allegations against plaintiff in the criminal court complaint filed in Queens Criminal Court.

31.    Defendants CHORIATIS, ASPINWALL, ROSARIO, and JONES together with defendant NYPD/NYC HRA PD officers JOHN and JANE DOE 1 through 10 either participated in or failed to intervene in the illegal conduct described herein.

32.    Defendant ASPINWALL supervised defendants CHORIATIS, and approved of, oversaw, and otherwise presided over the arrest and prosecution of the plaintiff.

33.    All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees.

34.    The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD, the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board)

5

that many NYC HRA officers, including the defendant ROSARIO, are insufficiently trained regarding: the basis for arrests and prosecutions, the use of excessive force, and engage in a practice of falsification.

35.    Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights.

36.    Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

37.    As a result of the foregoing, plaintiff TAMEKA FOSTER sustained, *inter alia*, physical pain and suffering, emotional distress, embarrassment, and humiliation, and deprivation of her constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

38.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

40.    All of the aforementioned acts deprived plaintiff TAMEKA FOSTER, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United

6

States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1983.

41. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police/peace officers, and with the entire actual and/or apparent authority attendant thereto.

42. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

43. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

44. Defendants arrested plaintiff TAMEKA FOSTER without probable cause, causing her to be detained against her will for an extended period of time and subjected to physical restraints.

45. Defendants caused plaintiff TAMEKA FOSTER to be falsely arrested and unlawfully imprisoned.

46. As a result of the foregoing, plaintiff TAMEKA FOSTER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

47.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff TAMEKA FOSTER'S constitutional rights.

49.     As a result of the aforementioned conduct of defendants, plaintiff TAMEKA FOSTER was subjected to excessive force and sustained physical injuries.

50.     As a result of the foregoing, plaintiff TAMEKA FOSTER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

51.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.     Defendants created false evidence against plaintiff TAMEKA FOSTER.

53.     Defendants utilized this false evidence against plaintiff TAMEKA FOSTER in legal proceedings.

54.     As a result of defendants' creation and use of false evidence, plaintiff TAMEKA FOSTER suffered a violation of her constitutional rights to a fair trial, as guaranteed by the United States Constitution.

55.     As a result of the foregoing, plaintiff TAMEKA FOSTER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

56.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.    Defendants maliciously issued criminal process against plaintiff TAMEKA FOSTER by causing her to appear in Queens County Criminal Court.

58.    Defendants caused plaintiff TAMEKA FOSTER to appear in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality and abuse of authority, to chill lawful speech, and to otherwise show who's boss.

59.    As a result of the foregoing, plaintiff TAMEKA FOSTER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(First Amendment Claim under 42 U.S.C. § 1983)

60.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.    The acts of the defendants were in retaliation for plaintiff's exercise of her First Amendment freedom of speech and expression, and not in response to any unlawful acts of the plaintiff.

62.    As a result of the aforementioned conduct of defendants, plaintiff TAMEKA FOSTER was subjected to retaliation for the exercise of their First Amendment rights.

63.    As a result of the foregoing, plaintiff TAMEKA FOSTER is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

64.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.     Defendants had an affirmative duty to intervene on behalf of plaintiff TAMEKA FOSTER, whose constitutional rights were being violated in their presence by other officers.

66.     The defendants failed to intervene to prevent the unlawful conduct described herein.

67.     As a result of the foregoing, plaintiff TAMEKA FOSTER was subjected to excessive force, her liberty was restricted for an extended period of time, she was put in fear of her safety, and she was humiliated and subjected to tight handcuffing and other physical restraints, and detained without probable cause.

68.     As a result of the foregoing, plaintiff TAMEKA FOSTER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN SEVENTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

69.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70.     The supervisory defendants personally caused plaintiff TAMEKA FOSTER'S

constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

71.     As a result of the foregoing, plaintiff TAMEKA FOSTER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

72.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

74.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, subjecting individuals to excessive force and then falsely arresting individuals citizens and committing perjury and/or manufacturing evidence in an effort to cover up their abuse of authority and convict such individuals, and otherwise engaging in falsification and retaliation again individuals who lawfully express themselves. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, promoting, and supervising its employees that was the moving force behind the violation of plaintiff TAMEKA FOSTER'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, promote, compensate, and supervise its officers,

11

including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

75.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, the NYPD, and the NYC HRA PD constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff TAMEKA FOSTER.

76.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, the NYPD, and the NYC HRA PD were the direct and proximate cause of the constitutional violations suffered by plaintiff TAMEKA FOSTER as alleged herein.

77.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, the NYPD, and the NYC HRA PD were the moving force behind the Constitutional violations suffered by plaintiff TAMEKA FOSTER as alleged herein.

78.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York, the NYPD and the NYC HRA PD, plaintiff TAMEKA FOSTER was seized, subjected to excessive force, falsely arrested and imprisoned.

79.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff TAMEKA FOSTER'S constitutional rights.

80.     All of the foregoing acts by defendants deprived plaintiff TAMEKA FOSTER of federally protected rights, including, but not limited to, the right:

        A.     Not to be deprived of liberty without due process of law;

        B.     To be free from the use of excessive force and/or the failure to intervene;

        C.     To be free from seizure and arrest not based upon probable cause;

        D.     To be free from malicious abuse of process;

E.      To be from infringement on the right to a fair trial;

F.      To be free from false imprisonment/arrest; and

G.      To be free from retaliation for the exercise of her First Amendment rights.

81.      As a result of the foregoing, plaintiff is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff TAMEKA FOSTER demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)      full and fair compensatory damages in an amount to be determined by a jury;

(B)      punitive damages against the individually named defendants in an amount to be determined by a jury;

(C)      reasonable attorney's fees and the costs and disbursements of this action; and

(D)      such other and further relief as appears just and proper.

Dated: Brooklyn, New York
October 6, 2013

LEVENTHAL & KLEIN, LLP
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
JASON LEVENTHAL (JL1067)

Attorneys for Plaintiff TAMEKA FOSTER

13